UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL L. WOLPERT, | CASE NO. 1:12 CV 2711 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | MEMORANDUM OF OPINION AND ORDER |
| MILESTONES AUTISM ORGANIZATION, et al., | |
| Defendants. | |

Michael L. Wolpert, an Ohio attorney appearing pro se, filed the above-captioned in forma pauperis action against Milestones Autism Organization ("Milestones") and Milestones Consortium for Autism Professionals (MCAP). Mr. Wolpert, who asserts this Court's jurisdiction pursuant to the "Americans with Disabilities Act (ADA)," maintains the defendants discriminated and retaliated against him in violation of the ADA, the Ohio Civil Rights Act and common law. He seeks $50,000.00 in compensatory and punitive damages, as well as good faith consideration for "all psychosocial openings," and access to MCAP seminars, events and job networking.

*Background*

Mr. Wolpert has a son whom he describes as disabled.[1] In 2008, he began participating in several workshops at Milestones. The organization's Mission Statement explains that its goal is to help "individuals reach their potential through education of family members and professionals in evidence-based practical strategies." http://milestones.org/about/history/. The

---

[1] Considering Mr. Wolpert became involved with Milestones as a parent, the Court assumes his son is autistic.

workshops Mr. Wolpert attended were directed at family members and "also upon [sic] to professionals." (Compl. at 2.) During this time, Mr. Wolpert received training in applied behavioral analysis and attendance certificates. Although he was recognized as the parent of a child with a disability, his "identity as a disabled individual" was not known until 2011. Mr. Wolpert does not explain who or how anyone became aware of his disability that year.

On January 17, 2012, an organizational officer handed Mr. Wolpert a brochure regarding a MCAP event scheduled for January 18, 2012. That same day, he received a telephone call "disinviting" him from the event, however. When he inquired why, Mr. Wolpert was advised MCAP was only for individuals who worked full time in autism-based organizations.

Mr. Wolpert believes he was told not to attend the event because he suffers from Asperger's, which he describes as a variant of autism. To prove his assumption, he performed a "credential sweep of MCAP members who were not disabled." (Compl. at 2.) From this he learned that several members did not have licenses.

For reasons not disclosed on the Complaint, Mr. Wolpert believes Milestones' executive director, Ilana Hoffer Skoff, and an unnamed individual from the Cleveland Clinic ("with an official role in MCAP") decided to exclude him from attending the event. He responded with several e-mails on "civil rights ramifications and nonprofit law ramifications" regarding "exclusions." (Compl. at 3.) It is unclear what Mr. Wolpert included in these messages, but Milestones filed a report with the Beachwood, Ohio police department in January 2012. He asserts the defendants filed the police report in retaliation for him asserting his rights under the ADA.

Some time in February 2012, Mr. Wolpert requested consideration for all "psycho social" work roles. He states he has "Ohio licensure in social work, teaching, drug counseling and law." (Compl. at 2.) Mr. Wolpert does not state whether his request to Milestones was in response to a job announcement or just a generic request. While positions were filled after the date he made his "request," Mr. Wolpert maintains neither he nor anyone with a disability was hired. He

2

claims some of the individuals hired lacked licensure. He adds that "[a] formal denial of all participation in MCAP events, denial of any suitable positions and invitations to non-professional seminars was issued [to him] on March 29, 2012." (Compl. at 3.)

The Equal Employment Opportunity Commission (E.E.O.C.) investigated a charge Mr. Wolpert filed and issued a Notice of Right to Sue on September 20, 2012. Without disclosing the date or what triggered the response, Mr. Wolpert also states he received a letter from Milestones board member Judy Saltzman advising him that more reports would be filed and he would be permanently barred from participation in Milestones events/services.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court shall dismiss an action under section 1915(e) if it fails to state a claim.[2] An action is subject to dismissal if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990).

*Failure to State a Claim*

The ADA seeks to eliminate disability discrimination on three fronts: employment (Title I, 42 U.S.C. §§ 12111–12117); public services offered by public agencies (Title II, 42 U.S.C. §§ 12131–12165); and public services and accommodations offered by private entities (Title III, 42 U.S.C. §§ 12161–12189). Under Title I of the ADA, it provides:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to *job application procedures, the hiring, advancement, or discharge of employees, employee*

---

[2] 28 U.S.C. § 1915(e) states, in pertinent part: "the court ... shall dismiss the case ... if the court determines that ... the action is frivolous or malicious ...".

A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly section 1915(d)] and is dismissing the complaint as frivolous. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

> *compensation, job training, and other terms, conditions, and privileges of employment*.

42 U.S.C. § 12112(a). There is no allegation in the Complaint, however, that suggests Mr. Wolpert enjoyed or sought an employment relationship with the defendants. Therefore, he cannot allege ADA discrimination under Title I of the Act.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of *a public entity*, or be subject to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). Even liberally construing Mr. Wolpert's claim as an allegation that he was denied a public service, the Complaint cannot survive.

With respect to public services, "the ADA prohibits disability discrimination only in the services of a 'public entity.' 42 U.S.C. § 12132. The statute defines such an entity as "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). The benefit Mr. Wolpert claims he was denied is the ability to attend an event sponsored by a private charitable organization. Without even addressing the merits of whether Mr. Wolpert was denied a "service," he cannot argue Milestones is a State or local government. See McPherson v. Michigan High School Athletic Assn., 119 F.3d 453, 460 (6th Cir.1997).

The fact that Milestones "participates in partnership events with entities that receive Federal funding" is irrelevant to its status as a public entity. See, e.g. Schiavo ex rel Schindler v. Schiavo, 358 F. Supp.2d 1161, 1165 (M.D. Fla. 2005), aff'd, 403 F.3d 1289, stay denied 544 U.S. 957, reh'g en banc denied, 404 F.3d 1270, reh'g denied 404 F.3d 1282. In the Sixth Circuit, a private organization may be subject to suit under Title II only if it acts as an "instrumentality" of the state. See Rhodes v. Ohio High Sch. Athletic Ass'n, 939 F. Supp. 584, 591 (N.D. Ohio 1996) (holding that Ohio High School Athletic Association was an "instrumentality" of the state because state delegated authority to organization, majority of its members were public schools, and it frequently used public facilities). Here, there is no allegation the defendants even remotely acted on behalf of the state.

Simply put, Mr. Wolpert has failed to allege any circumstance under which the defendants qualify as a "public entity" under the ADA, an essential element of a Title II claim.[3]

Legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Mr. Wolpert's claim of disability discrimination fails to state any basis upon which the defendants either engaged in an act prohibited under Title I of the ADA, or qualified as a public entity under Title II of the ADA.

*Conclusion*

Accordingly, the Motion to Proceed In Forma Pauperis is granted. This action is dismissed under section 28 U.S.C. §1915(e), but without prejudice as to any state law claims Mr. Wolpert may choose to pursue. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 11/8/12*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[3] Title III prohibits discrimination on the basis of disability "in the full and equal enjoyment [ ... ] of any place of *public accommodation* by any person who owns, leases (or leases to), or operates a place of accommodation." 42 U.S.C.§ 12182(a)(emphasis added). Since Mr. Wolpert never alleges Milestones owned or leased a place of accommodation, it is not necessary to address the potential merits of a Title III ADA claim.

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.